FILED
 2011 Jan-19 PM 01:34
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRIGETTE D. HERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 10-G-0145-E |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Brigette D. Hernandez, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ, Michael L. Brownfield, must be reversed and the action remanded for further development of the record.  The ALJ found that the plaintiff's "lumbosacral neuritis, myofascial pain syndrome, obesity, and bronchial asthma" are considered 'severe,'" but that she did not suffer from a listed impairment.  [R. 15].  On May 6, 2008, the plaintiff was sent to Morton S. Rickless, M.D., at the behest of the Commissioner, for a consultative musculoskeletal examination.  Dr. Rickless reviewed records from the Center for Orthopedics and Sports Medicine in Texas:

> Their evaluation was that of low back pain and myofascial pain syndrome.  There [are] also MRI's [sic] in the records.  MRI of the thoracic spine shows loss of disk signal and small nodes throughout the thoracic segment.  There are some disk bulges.  Spinal canal remains in excess of a centimeter.  Neural foramina are normal.  MRI of the cervical spine was taken; C3-4 impression is borderline spinal canal stenosis.  Myostenosis at C4-5.  They describe the changes as arthritic changes.  The spinal canal is normal.  Neural [foramina] is normal.  The[y] do note moderate stenosis at C5-6.  There [are] two or three mild central disk protrusion[s]/hernation[s].  They note that it could result in C6 radicular type symptoms.

[R. 211].  After examining the plaintiff's lower extremities, Dr. Rickless stated:

> I don't feel that the applicant gave real [sic] good effort during the examination; however, <u>there does appear to be a significant emotional overlay</u>.  Whether this [is] real, unreal or due to pain is not determined at this point.

[R. 211](emphasis added) Dr. Rickless diagnosed neck pain, secondary to cervical disk disease, thoracic pain, lumbar pain, with history of injury and operative procedure, shoulder and arm pain, which was "essentially not identifiable, however C5-6 disk disease can certainly cause radiculopathy and numbness in the hand," and knee pain. [R. 211-212]. Dr. Rickless concluded:

> If one accepts this examination on face value, this lady is totally capable of self care. She would have limitations on sitting, standing, walking, lifting, carrying, and handling objects. No hearing or speaking limitations. No travel limitations. <u>This lady also needs a full psychological evaluation</u>.

[R. 212](emphasis added)

Despite Dr. Rickless's concern that the plaintiff needs a full psychological evaluation, the ALJ discounted this opinion:

> The claimant does not have a severe mental impairment. Although she testified at the hearing in November 2008 that she was depressed because she could not carry on like a normal person, her medical records indicate no complaints of depression. Dr. Rickless's statement that the claimant needed a full psychological evaluation is not entitled to significant weight. Dr. Rickless was to evaluate the claimant's physical impairments and limitations. The claimant did not allege to Dr. Rickless that she had depression or any disabling mental impairment or limitations. The claimant has not sought mental health treatment, nor has she been diagnosed with a mental impairment or prescribed medication for a mental impairment.

[R. 15].

While it is true that Dr. Rickless only performed a physical examination, it was error for the ALJ to ignore Dr. Rickless's statement that "there does appear to be a significant emotional overlay" and his recommendation that the plaintiff receive a full

3

psychological evaluation. [R. 211, 215].  Although Dr. Rickless is a specialist in orthopedics, and not psychiatry or psychology, he is a medical doctor who has had some training in these areas.  By including these statements and recommendations in his report, Dr. Reckless obviously thought they were significant and crucial to evaluating the plaintiff's limitations.

This court, and neither should the ALJ, succumb "to the [forbidden] temptation to play doctor and make [his] own independent medical findings."  Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996).  Because of the Commissioner's duty to develop the medical record fully and fairly, "it is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision."  Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988)(quoting Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (internal quotation marks omitted).  In the present case, the ALJ's failure to fully develop the record regarding the plaintiff's condition and to order a consultative examination by a specialist prevented him from making an informed decision.

On remand, the Commissioner shall properly develop the record concerning the plaintiff's condition, to include ordering a consultative examination by a neuropsychologist to determine whether the plaintiff has a mental condition, and, if so, how her condition impairs her ability to work.  Such examination and evaluation shall be conducted within 90 days of this court's decision.

On remand, the Commissioner shall consider the combined impact of all her impairments. When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

After fully and fairly developing the record regarding the plaintiff's mental condition and the effect of the combination of the plaintiff's impairments, the Commissioner also shall elicit testimony from a vocational expert about the impact of the plaintiff's combination of impairments on her ability to work.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 19 January 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.